IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILL CRAMER, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CECIL BAKER & PARTNERS, INC., and | : | |
| HIDDEN CITY PHILADELPHIA, | : | No. 19-1503 |
|     Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                              **July 1, 2019**

Bill Cramer commenced this copyright infringement action after Hidden City Philadelphia posted an online publication that included a photograph Cramer took of Cecil Baker. Before the Court is Hidden City's motion for summary judgment and for sanctions. For the reasons set forth below, the Court will grant in part and deny in part Hidden City's motion.

**I.    BACKGROUND**

Cramer, a professional photographer working for Wonderful Machine, Inc., photographed Baker, an architect. (Cramer Decl. ¶¶ 2, 4.) The photograph was registered with the U.S. Copyright Office to Wonderful Machine in October 2008. (*Id.* Ex. B.)

After taking the photograph, Cramer emailed Baker in December 2008, providing a link to "all of the photos from the Residential Architect photo shoot." (Def.'s Mem. of Law in Supp. of Mot. for Summ. J. Ex. E.) Baker asked for copies of the photograph around January 2009, and someone named Jess Dudley sent Baker correspondence on Wonderful Machine letterhead, enclosing prints and "lo res images, for personal use." (Cramer Decl. Ex. C.)

Seven years later, in January 2016, Hidden City used the photograph in an online publication about an architectural project. (*Id.* Ex. D.) As a result, Cramer claims that Baker and

1

Hidden City infringed on the copyright because he did not grant Baker the right to sublicense the photograph and Hidden City did not have authorization to republish the photograph. (*Id.* ¶¶ 8-9.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if "a reasonable jury could return a verdict for the nonmoving party," and it is material if, under substantive law, it "might affect the outcome of the suit." *Id.* at 248.

When the nonmoving party bears the burden of proof, "the party moving for summary judgment may satisfy Rule 56's burden" by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or "demonstrat[ing] . . . that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

When considering a motion for summary judgment, a court must view the evidence in a light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Anderson*, 477 U.S. at 255. The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *Boyle v. Cnty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

## III. DISCUSSION

Hidden City moves for summary judgment on three bases, including a lack of standing. It also requests an additional hearing for Rule 11 sanctions against Cramer and his counsel. The Court will grant Hidden City's motion for summary judgment because it concludes that Cramer

neither owns the photograph nor suffered an individual injury and, thus, lacks standing.[1] However, the Court will deny Hidden City's request for sanctions because it is procedurally inadequate and lacks merit.

**A. Cramer Lacks Standing Because He Does Not Own the Photograph.**

Standing to sue for copyright infringement is governed by 17 U.S.C. § 501. The statute provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501. "[A]s the party asserting a copyright infringement claim, [plaintiff] bears the burden of proving standing by demonstrating its ownership of the subject copyright." *Clarity Software, LLC v. Fin. Indep. Grp.*, 51 F. Supp. 3d 577, 587 n.12 (W.D. Pa. 2014). A company's ownership of a copyright does not confer standing on the company's executives. *See Wallert v. Atlan*, 141 F. Supp. 3d 258, 276-77 (S.D.N.Y. 2015) (rejecting a business owner's argument that he had standing to sue for a copyright owned by the business). *But see Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1156 (9th Cir. 2010) (concluding that a company's sole officer, director, and shareholder had standing because "if Gasper intended that his creative work be outside the scope of his employment with JVV, there was no one to disagree").

Here, Cramer has not established copyright ownership of the photograph to satisfy the standing requirement. Nor has Cramer explained why the copyright is registered to Wonderful Machine. Instead, he asserts a "belief" that, as president of Wonderful Machine, he is "entitled" to sue in his individual capacity. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 5.) His status as president of Wonderful Machine, however, is not enough. Unlike in *Jules Jordan Video, Inc.*, Cramer is not the sole officer, director, and shareholder of Wonderful Machine. The record

---

[1] Because the Court dismisses Cramer's claim based on a lack of standing, it will not consider other grounds for summary judgment.

establishes that Wonderful Machine includes players other than Cramer: Adrienne Cramer is listed as a corporate officer on records with the Pennsylvania Bureau of Corporations and Charitable Organizations, and Jess Dudley signed correspondence to Baker on Wonderful Machine letterhead. (Cramer Decl. Ex. A, Ex. C.) Thus, Cramer has not demonstrated an ownership interest in the relevant copyright. Because Cramer has not demonstrated an ownership interest, he lacks standing to bring the copyright claim.

### B. Cramer Lacks Standing to Amend His Complaint Because He Failed to Establish that the Court has Subject Matter Jurisdiction.

Cramer requests that, if the Court finds that he lacks standing, it also grant him leave to add or substitute Wonderful Machine as the plaintiff. His request depends on the Court's subject matter jurisdiction. Without subject matter jurisdiction, a court cannot let a party amend a complaint to cure the deficiency. *See Arrow Drilling Co. v. Carpenter*, Civ. A. No. 02-9097, 2003 WL 23100808, at *5 (E.D. Pa. Sept. 23, 2003) ("A plaintiff . . . may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists."), *aff'd*, 125 F. App'x 423 (3d Cir. 2005); *see also Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) ("The longstanding and clear rule is that if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim."); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282-83 (5th Cir. 1981) ("[W]here a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs . . . .").

The Court does not have subject matter jurisdiction if a party lacks Article III standing. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). If a party simply lacks statutory standing,

the court's subject matter jurisdiction is not necessarily implicated. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014).

In the context of the Copyright Act, some courts have held that an ownership interest in a copyright affects the plaintiff's ability to state a claim under Rule 12(b)(6)—not the court's subject matter jurisdiction under Rule 12(b)(1). *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015) (noting that an ownership interest is a "statutory rather than Article III standing" issue) (citing *Lexmark Int'l, Inc.*, 572 U.S. at 127); *see also HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 381 (7th Cir. 2011) (explaining that "[m]any parties who have not crossed the 'T's' and dotted the 'i's' in their copyright licenses would have no trouble demonstrating . . . constitutional standing"). Other courts, however, have held that an ownership interest in a copyright does affect subject matter jurisdiction. *See Kevin Chelko Photography, Inc. v. JF Restaurants, LLC*, Civ. A. No. 13-0060, 2017 WL 240087, at *2 (W.D.N.C. Jan. 19, 2017) (holding that jurisdictional defects could not be cured when a company lacked standing to assert infringement claims over a photograph individually owned by the company's owner); *Optima Tobacco Corp. v. US Flue-Cured Tobacco Growers, Inc.*, 171 F. Supp. 3d 1303, 1308-09 (S.D. Fla. 2016) (dismissing copyright infringement claim for lack of subject matter jurisdiction because plaintiff's lack of ownership precluded standing).

Regardless, Cramer lacks more than ownership of the photograph. He also lacks injury. Cramer, the party invoking federal jurisdiction, had the burden of establishing Article III standing by demonstrating that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). He made no effort to meet that burden. As described above, Cramer simply asserts a good faith belief that his status as president of Wonderful

Machine, an entity with a legally cognizable injury, entitled him to sue in his individual capacity. This alone, is not enough to satisfy the injury in fact requirement. *See Meade v. Kiddie Acad. Domestic Franchising, LLC*, 501 F. App'x 106, 108 (3d Cir. 2012) ("It is well established that, absent a direct individual injury, the president and principal shareholder of a corporation lacks standing to sue for an injury to the corporation."); *Riggins v. Polk Cnty.*, 602 F. App'x 765, 768 (11th Cir. 2015) (affirming dismissal based on lack of standing because plaintiff, a major shareholder and president, did not suffer a distinct and particularized injury from the corporation). Therefore, Cramer lacks Article III standing and the Court lacks subject matter jurisdiction. As a result, Cramer cannot be granted leave to amend his complaint.

### C. Hidden City's Request for Sanctions is Procedurally Inadequate and Lacks Merit.

Hidden City requests a Rule 11 sanctions hearing based on the number of copyright lawsuits filed by plaintiff's counsel. Hidden City's request for sanctions does not comply with Rule 11. Pursuant to Rule 11(c), "[a] motion for sanctions must be made separately from any other motion." Here, Hidden City filed a single motion requesting both dismissal of Cramer's claim and a Rule 11 hearing. Moreover, Hidden City's request for sanctions lacks merit. Therefore, its request is denied.

## IV. CONCLUSION

For these reasons, the Court grants in part and denies in part Hidden City's motion. An appropriate Order will be docketed separately.